STUBBLEFIELD v. ROPER et al.*

(Division A.   Dec. 1, 1924.)

[101 So. 852.   No. 24503.]

1. EVIDENCE. *Plaintiff, suing partners on note, could prove partnership by parol.*

   Plaintiff, suing partners on note, could prove partnership by parol evidence, notwithstanding written contract of partnership, and was not required to produce contract, or show lawful excuse for nonproduction.

2. EVIDENCE.  *Written contract of partnership best evidence thereof in suit between partners involving the contract.*

   In suit between partners involving written partnership contract, the contract itself must be produced as the best evidence, or its non production properly accounted for.

3. PARTNERSHIP.  *May be liable to third person, though dealings are not within scope of partnership set out in partnership articles.*

   A partnership may be liable to a third person, though its dealings be without the scope of the partnership as set out in the partnership articles, and the plaintiff in such case may establish liability by showing that the persons sued as a partnership dealt as such, and held themselves out to the world as partners.

---

*Headnotes 1.   Evidence, 22 C. J., section 1265;   2.   Evidence, 22 C. J., section 1265; 3.   Partnership, 30 Cyc, pp. 415, 481.

APPEAL from circuit court of Sunflower county.

HON. S. F. DAVIS, Judge.

Suit by A. P. Stubblefield against L. T. Roper and L. N. Dantzler. A verdict was directed for the last-named defendant, and plaintiff appeals. Reversed and remanded.

*Everett & Forman,* for appellant.

The plaintiff offered to prove the partnership that existed between Dantzler and Roper when the defendant, Dantzler, through his counsel made objection to the testimony because the articles of partnership were not produced to prove the partnership. This objection was sustained by the court. The plaintiff then undertook to show by the witness, Roper, and did show by him that the articles of partnership were written and signed by him and L. N. Dantzler, there being only one copy and that copy was turned over to L. N. Dantzler and that the witness Roper had endeavored on a number of instances to secure a copy of it but Dantzler would not furnish it. After this was shown, the plaintiff then undertook to offer oral proof to the effect that Dantzler and Roper were partners and the court sustained objections by the defendant, Dantzler, to that proof. The plaintiff then offered to prove the partnership of Dantzler and Roper by an instrument or agreement signed by Dantzler and Roper dissolving the partnership which had theretofore existed, when the defendant Dantzler objected and the court sustained that objection; after which the court granted a peremptory instruction for the defendant Dantzler.

The holding of the court on the objections made to the testimony and the granting of the peremptory instruction is equivalent to saying that a partnership cannot be proved except by the articles of partnership which had been reduced to writing, and which is the error assigned in this case. But we submit that the court was clearly in error in his holdings. "The declaration of one partner is binding upon the partnership. The admission by one partner made after the dissolution in regard to business of the firm previously transacted is binding on the firm." Greenleaf on Evidence, sec. 112;

30 Cyc. 412 and 414. "In determining whether as against partners a partnership exists the general rules as to weight and sufficiency of evidence are applicable." 30 Cyc. 415-417.

"It is competent to prove the evidence of a copartnership by the production of its articles of agreement if any exist; but where they cannot be produced for any sufficient cause, proof of their contents is admissible and proof of the conduct of the parties is likewise admissible to show the nature, extent and terms of the co-partnership as it really existed." *Perry* v. *Randolph,* 6 S. & M. 343-344; *Bonnaffe* v. *Fenner,* 6 S. & M. 217.

*Neill & Clark,* for appellees.

Although two rulings of the court below are assigned as error, they amount to only one, inasmuch as the peremptory instruction should have been given if the court was right in holding that the appellant could not prove the contents of a written instrument by parol. The court was clearly right in sustaining this objection, as the evidence offered fell clearly within the best evidence rule. 23 C. J. 980; *Kaufman* v. *Simon,* 80 Miss. 189, 31 So. 713. "The best evidence should be produced, or its absence accounted for, after efforts to secure it had failed, before secondary evidence can be introduced." *Weiler & Haas* v. *Monroe County,* 74 Miss. 682; *Doe* v. *McCaleb,* 2 How. 756; *Jordan* v. *Miss. Central R. R. Co.,* 107 Miss. 323, 65 So. 276; *Baldridge* v. *Stribling,* 101 Miss. 666, 57 So. 658; *McLeod Lbr. Co.* v. *Anderson Mercantile Co.,* 105 Miss. 498, 62 So. 274; *Federal Chemical Co.* v. *Jennings,* 112 Miss. 513, 73 So. 567; L. R. A. 1917A. 529n.

But aside from this, the evidence offered was incompetent, for the reason that it was an effort to vary the terms of a written instrument by parol evidence.

The quotation from section 112 of Greenleaf on Evi-

dence, is not the same as the edition of Greenleaf we have (16th Ed.), but has not application here, being simply an example of an admission against interest, and being very much controverted in the various courts.

The judgment should be affirmed for the further reason that it is right, on the merits. The ruling of the court was right in excluding plaintiff's testimony and giving a peremptory instruction for the defendants; was right for the further reason that the declaration, as finally amended, declared on a partnership contract, but the proof made by the introduction of the note sued on, was of an individual contract. *Wilder* v. *Harris,* 112 Miss. 164, 72 So. 890; *Miller* v. *Bank of Miss.,* 34 Miss. 412; *Kimbrough* v. *Ragsdale,* 69 Miss. 674, 13 So. 830.

Anderson, J., delivered the opinion of the court.

Appellant, A. P. Stubblefield, sued appellees, L. T. Roper and L. N. Dantzler, in the circuit court of Sunflower county, on a promissory note as partners. At the conclusion of appellant's evidence, on the motion of appellee Dantzler, appellant's evidence was excluded, and a verdict directed for appellee Dantzler, from which appellant prosecutes this appeal.

The suit was on a promissory note for three hundred eighty-seven dollars and fifty cents, signed alone by appellee L. T. Roper. Appellant alleged in his declaration that the appellees, Roper and Dantzler, constituted a partnership, and that the note sued on, although signed alone by appellee Roper, was a partnership obligation, for the payment of which both of the appellees as partners were liable. The partnership was duly denied according to the statute by appellee Dantzler. On the trial appellant introduced the note sued on, and then introduced appellee Roper for the purpose of proving that a partnership existed between the witness and appellee Dantzler, and that the note sued on had been incurred in and about

the partnership business and was a partnership obligation, for which both of the partners were liable. In the evidence of this witness it developed that the partnership contract between appellees Dantzler and Roper was in writing. Thereupon, on objection by appellee Dantzler, parol evidence as to the partnership was excluded; the articles of partnership not being produced by appellant, nor the failure to produce accounted for.

The question is whether, in a suit against an alleged partnership by a third person, where the contract of partnership is in writing the plaintiff is barred from proving the partnership, except by the production of the partnership articles, and in their absence showing a lawful excuse for their nonproduction. Undoubtedly, in a suit between partners involving the partnership contract which is in writing, the contract itself must be produced as the best evidence, or its nonproduction properly accounted for. But that doctrine does not apply in a case like this, unless the plaintiff relies on the articles of partnership to establish his cause. If that be true, then he must produce the partnership contract, or lawfully account for its nonproduction. But a third person, suing persons as partners, is not required to rely on the articles of partnership in order to establish liability. A partnership may be liable to a third person, even though its dealings be without the scope of the partnership as set out in the partnership articles. The plaintiff in such case may establish liability by showing that the persons sued as a partnership dealt as such, and held themselves out to the world as partners. They may be liable as partners, regardless of the provisions of the partnership articles.

We hold, therefore, that the trial court erred in ruling out appellant's evidence tending to show that the note sued on was in truth and in fact the partnership obligation of appellees Roper and Dantzler, that a partnership existed between appellees, and that although the note was

signed by only one of the partners, its execution was within the scope of the partnership, and was intended by the partners to bind the partnership. For a very exhaustive note, see *Cudahy Packing Co.* v. *Hibou,* 18 L. R. A. (N. S.) beginning at page 975. See, also, 20 R. C. L., p. 847, sections 52 and 53; 30 Cyc., p. 415; *Perry* v. *Randolph,* 6 Smedes & M. 343, 344; *Bonnaffe* v. *Fenner,* 6 Smedes & M. 217, 45 Am. Dec. 278.

*Reversed and remanded.*